# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

_____

| | |
|---|---|
| MARK ANDREW CHRISTENSEN, | Cause No. 08-CV-055-RFC-CSO |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO TRANSFER CASE TO THE DISTRICT OF WYOMING |
| U.S. MARSHAL DWIGHT MCKAY; BIG HORN COUNTY COMMISSIONERS, BASIN, WYO.; BIG HORN COUNTY SHERIFF ANDERSON, BASIN, WYO.; SGT. TONY HARRISON, BIG HORN COUNTY JAIL, BASIN, WYO.; and NURSE EVA, BIG HORN COUNTY JAIL, BASIN, WYO., | |
| Defendants | |

_____

This matter comes before the Court on Plaintiff's Motion to Proceed in Forma Pauperis (Court's Doc. No. 1), a Lodged prisoner civil rights Complaint. (Court's Doc. No. 2), and a Motion for the Return of All Original Documents. (Court's Doc. No. 3).

Plaintiff has named as Defendants U.S. Marshal Dwight McKay; Big Horn County Commissioners, Basin, Wyoming; Big Horn County Sheriff Anderson, Basin, Wyoming; Sgt. Tony Harrison, Big Horn County Jail, Basin, Wyoming; and Nurse Eva, Big Horn County Jail, Basin, Wyoming.

Plaintiff has alleged that Defendants were deliberately indifferent to his medical care needs in violation of the Eighth Amendment of the United States Constitution while

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO TRANSFER CASE TO THE DISTRICT OF WYOMING / PAGE 1

he was incarcerated in the Big Horn County Jail in Basin, Wyoming.

This district is not the proper venue for this action. The proper venue for a civil action based upon a federal question such as this case is defined by 28 U.S.C. § 1391 as follows:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). In this situation, 28 U.S.C. § 1391(b)(1) does not apply because although most of the Defendants reside in Wyoming, U.S. Marshal McKay resides in Montana. However, the substantial part of the allegations in the Complaint arise out of Plaintiff's incarceration in the Big Horn County Jail in Basin, Wyoming. Therefore, 28 U.S.C. § 1391(b)(2) applies and venue for this suit lies not in this Court but in the District of Wyoming.

28 U.S.C. §1406(a) provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Court finds that it is in the interest of justice to transfer this case to Wyoming.

Given the Court's recommendation to transfer this matter, Plaintiff's Motion for

Return of all Original Document (Court's Doc. No. 3) will be granted in part. The Court will direct the Montana Clerk of Court's Office to return the originals of Plaintiff's Motion to Proceed in Forma Pauperis (Court's Doc. No. 1), his Complaint. (Court's Doc. No. 2), his Motion for the Return of All Original Documents. (Court's Doc. No. 3). However, the Court will not bind the Wyoming courts regarding Plaintiff's request. Should Plaintiff need the return of documentation filed in Wyoming, he will need to make a specific request to that Court.

Based upon the foregoing, the Court hereby enters the following:

## ORDER

Plaintiff's Motion for Return of all Original Document (Court's Doc. No. 3) is **GRANTED IN PART.** The Clerk of Court's Office is directed to return the originals of Plaintiff's Motion to Proceed in Forma Pauperis (Court's Doc. No. 1), his Complaint. (Court's Doc. No. 2), and his Motion for the Return of All Original Documents. (Court's Doc. No. 3).

Further, the Court enters the followings:

## RECOMMENDATION

This matter should be transferred to the United States District Court for the District of Wyoming.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections

to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

**PLAINTIFF IS CAUTIONED TO KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS. A FAILURE TO DO SO COULD RESULT IN THE DISMISSAL OF THIS CASE WITHOUT FURTHER NOTICE TO PLAINTIFF.**

DATED this 15th day of April, 2008.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge